AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
7/3/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: jb   DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
07/03/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: KC   DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) |
| JORGE ALBERTO OCHOA-VARGAS, aka "Hector Diaz Villa," | ) Case No. 5:25-mj-00464-Duty |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **July 2, 2025** in the county of **San Bernardino** in the **Central** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a), (b)(1) | Illegal Alien Found in the United States Following Removal |

This criminal complaint is based on these facts:

Please see attached affidavit.

☑ Continued on the attached sheet.

/s/
Complainant's signature

DHS Deportation Officer - Daniel Romo
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: July 3, 2025

Judge's signature

City and state: Riverside, CA

Honorable Sheri Pym, U.S. Magistrate Judge
Printed name and title

*AUSA:* Benjamin Weir

**AFFIDAVIT**

I, Daniel Romo, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against and arrest warrant for Jorge Alberto Ochoa Vargas ("defendant"), also known as "Hector Diaz Villa," charging him with violating Title 8, United States Code, Sections 1326(a), (b)(1): Illegal Alien Found in the United States Following Removal.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF DEPORTATION OFFICER DANIEL ROMO

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since April 2017. I am currently assigned to the Los Angeles Enforcement and Removal Operations field office. Before I became an ICE DO, I was employed by the United States Border

Patrol starting April 2009. I have experience reviewing immigration files, deportation and removal proceedings, and executed final orders of removal, among other immigration related documents, process, and proceedings.

### III. TRAINING AND EXPERIENCE REGARDING FINGERPRINTS AND DHS DATABASES

4. Based on my training and experience, I know the following:

    a. Every person has a unique set of fingerprints. I also know that unique identification numbers – including, but not limited to, Fingerprint Identification Number System ("FINS") numbers and Federal Bureau of Investigations ("FBI") numbers – can be assigned to a person's fingerprints, thereby distinguishing that person's fingerprints in law enforcement databases from another person's fingerprints. In many cases, DHS and other government agencies utilize FINS and FBI numbers to associate unique fingerprint records and information to a specific individual.

    b. Moreover, when a person is fingerprinted by DHS agencies, such as ICE (formerly INS), those unique fingerprint identifiers are associated with an individual's unique alien number ("A-number") and alien file ("A-file"). An A-file typically contains official documentation regarding a person's deportation or removal history as well as alienage. That A-file is maintained in DHS custody, and documents and information from that A-file are uploaded to official DHS databases that can be accessed to determine, among other things, whether a person has

been removed or deported from the United States, whether that person is a foreign national, and whether that person has been lawfully admitted into the United States, pursuant to, for example, a non-immigrant visa.

5. Generally, after an arrest for a criminal offense, a person's biometric fingerprint information is obtained and enrolled into a nationwide repository for criminal history records as part of a normal booking process. That information is then associated with a unique identification number for the person's fingerprints, typically the FBI number, which is searchable within various law enforcement indices and comparable with other government records, including those belonging to DHS and those associated with an A-file and A-number. A match between fingerprint identifiers can therefore be used to confirm the identity of a person associated with specific records, including immigration records indicating whether that person is amenable to immigration enforcement action.

### IV. STATEMENT OF PROBABLE CAUSE

6. On or about March 16, 2024, the ICE Pacific Enforcement Response Center ("PERC") – an ICE center responsible for vetting and researching the arrests of suspected foreign nationals – received an electronic notification based on defendant's biometric fingerprint information that he was arrested by Los Angeles Police Department ("LAPD"), within the Central District of California, for DUI Alcohol, in violation of California Vehicle Code § 23152(A). On or about that day, the PERC lodged a DHS Immigration Detainer with the LAPD.

7.  Subsequent law enforcement database searches produced a potential address where defendant may be residing, which was on Spruce Street in San Bernardino, California.

8.  On July 2, 2025, an ICE-ERO Deportation Officer and other federal law enforcement agents found defendant outside his place of residence in San Bernardino, California. Defendant was followed to a gas station, at which point a consensual encounter was conducted after defendant exited his vehicle. I have spoken with Supervisory Detention and Deportation Officer Brandon Burdick, and he informed me that as law enforcement officers tried to place defendant in handcuffs, defendant began to swing his elbows to resist and strike the officers. Defendant was not successful in landing any blows on the officers. A DO had to deploy his taser in order to place defendant under arrest.

9.  On or about July 2, 2025, I reviewed the printouts of ICE computer indices on defendant. Records checks revealed that defendant is a citizen of Mexico. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that defendant had been removed, deported, and/or excluded on the following dates: January 13, 1996; February 1, 2002; November 30, 2010; and March 8, 2011. The ICE computer indices further indicated that defendant had not applied for, or obtained from the Attorney

General or the Secretary of Homeland Security, permission to re-enter the United States.

10.  I have also reviewed a copy of a Removal Order showing that defendant was ordered removed from the United States to Mexico on January 2, 1996.

11.  I have also reviewed a computerized printout of defendant's criminal history.  The criminal history printout indicated that defendant sustained the following convictions:

    i.  On or about June 29, 1994, defendant was convicted of DUI Alcohol/Drugs Cause Bodily Injury, in violation of California Vehicle Code § 23152(a), in the Superior Court of California, County of Los Angeles, case number E87283M, for which defendant was sentenced to 3 years' imprisonment; and

    ii.  On or about July 19, 2001, defendant was convicted of DUI Alcohol/Drugs w/Priors, in violation of California Vehicle Code § 23152(a), in the Superior Court of California, County of Los Angeles, case number BA219000-01, for which defendant was sentenced to 180 days' jail.

12.  I know from my training and experience that when PERC receives an electronic notification based on biometric fingerprint information, it means that the fingerprints of the subject in local custody match the fingerprints contained in that subject's DHS A-File.  As such, I believe defendant is the same person described in the DHS A-file who is the subject of the files contained in the computer indices discussed here.

//
//

## V. CONCLUSION

13. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a), (b)(1), Illegal Alien Found in the United States Following Removal.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 3rd day of July
2025.

_____
HONORABLE SHERI PYM
UNITED STATES MAGISTRATE JUDGE